# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DAVID TINSLEY UNDERWOOD,** | ) |
| **Petitioner,** | ) |
| v. | ) 5:19-cv-00036-RDP-TMP |
| **P. RICHIE, Warden, et al.,** | ) |
| **Respondents.** | ) |

## MEMORANDUM OPINION

This is an action for a writ of habeas corpus action filed by Petitioner David Tinsley Underwood, *pro se*, on or about December 27, 2018. (Doc. 1). Petitioner challenges his 2013 conviction for failing to verify his registration information under the Community Notification Act and his resulting 50 year sentence. (*Id*., at 2). On March 25, 2019, the Magistrate Judge entered a report and recommendation pursuant to 28 U.S.C. § 636(b), recommending that the habeas petition be dismissed with prejudice. (Doc. 9). Petitioner filed timely objections. (Doc. 10).

In his objections, Petitioner asserts his 50 year sentence is illegal under Alabama law. (Doc. 10 at 1). Specifically, he argues that because his convictions from 1980 serve as the basis for the requirement he register as a sex offender, those convictions cannot also serve as the basis to impose an increased sentence under the Alabama Habitual Offender Act. (*Id.*, at 2-3).

Petitioner has failed to demonstrate his sentence is contrary to or an unreasonable application of Supreme Court precedent, as required for habeas relief by 28 U.S.C. § 2254(d)(1). The sole federal case referenced by Petitioner, *Bartone v. U.S.*, 375 U.S. 52 (1963), does not support his argument. In *Bartone*, the trial court announced one sentence upon revoking the defendant's probation in open court, and a longer sentence by written order, outside of the defendant's presence. *Id.*, at 52. The Court of Appeals denied the United States' motion to remand to correct the sentence. *Id.*, at 53. Because the variance in sentencing violated the defendant's right to be present during sentencing as mandated by Federal Rule of Criminal Procedure 43, the Supreme Court reversed the court of appeals' judgment denying correction of the sentence. *Id.*, at 54.

*Bartone* stands for the general proposition that federal courts of appeals have "broad powers of supervision" over federal proceedings. *United States v. Young*, 470 U.S. 1, 24 n. 3 (1985). But, *Bartone* does not provide any basis for a federal court to grant habeas relief based on claims of improper sentencing under state law. *See Alston v. Dep't of Corr., Florida,* 610 F.3d 1318, 1326 (11th Cir. 2010) (quoting *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[A] habeas petition grounded on issues of

state law provides no basis for habeas relief. In the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures.") (citations omitted); *Curry v. Culliver*, 141 Fed.App'x 832, 834 (11th Cir. 2005) (citing *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) ("Curry's claim on appeal is that he is entitled to a sentence reduction under §§ 13A-5-9(c)(3) and 13A-5-9.1. This is purely a question of state law and, as such, provides no basis for federal habeas corpus relief.")).

Having carefully reviewed and considered *de novo* all the materials in the court file, including Petitioner's objections and the Magistrate Judge's Report and Recommendation, the court is of the opinion that the objections are due to be **OVERRULED**. The Magistrate Judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Accordingly, the petition for writ of habeas corpus is due to be **DENIED**. Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules Governing § 2254 Proceedings*.

A separate Final Order will be entered.

**DONE** and **ORDERED** this April 29, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE